UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

**BUILDING TRADES UNITED PENSION TRUST FUND,**
**and DOUG EDWARDS (in his capacity as Trustee),**

      **Plaintiffs,**

 v.                    Case No. 21-cv-806

**MCDONAGH DEMOLITION, INC.**

      **Defendant.**
_____

## COMPLAINT
_____

**NOW COME** the Plaintiffs, by their attorneys, The Previant Law Firm, S.C., by Alex J. Sterling, and as and for a cause of action against the Defendant, allege and show to the court the following:

### Jurisdiction and Venue

1. Jurisdiction of this Court upon McDonagh Demolition, Inc. ("McDonagh Demolition") is founded upon section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132), and section 301(a) of the Labor Management Relations Act of 1947 (hereinafter "LMRA"), as amended (29 U.S.C. § 185(a)), in that the Plaintiffs are aggrieved by said Defendant's violation of certain collective bargaining agreements, trust plans and trust agreements, and said Defendant's continued refusal to submit contributions in accordance with the terms of those plans and agreements, thereby violating the provisions of ERISA, the Multi-Employer Pension Plan Amendments Act ("MPPAA"), and the terms and provisions of the employee benefit plans, section 301 of the LMRA and the common law of the State of Wisconsin.

2. Venue lies in this Court under ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) in that the Plaintiff Building Trades United Pension Trust Fund is administered within this district with offices located in Waukesha County, Wisconsin.

## Parties

3. Plaintiff Building Trades United Pension Trust Fund is an employee benefit plan within the meaning of ERISA Sections 3(1), (2), (3) and (37), 502 and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(1), (2), (3) and (37), 1132 and 1145), and brings this action on behalf of the Trustees, participants, and beneficiaries of said Plan. Said Plan maintains offices at 500 Elm Grove Road, Elm Grove, Wisconsin 53122.

4. Plaintiff Doug Edwards is a trustee and fiduciary of the Building Trades United Pension Trust Fund and as such has standing to be a plaintiff in this action. Mr. Edwards maintains an office at 3300 South 103rd Street, Milwaukee, WI 53227

5. Defendant McDonagh Demolition, Inc. is a domestic corporation organization engaged in business with principal offices located at 7243 W. Touhy Avenue, Chicago, Illinois 60631. Its registered agent for service of process is Aaron Fox, 445 West Erie Street, Suite 211, Chicago, IL 60654.

## Facts

6. McDonagh Demolition is an employer and party in interest in an industry affecting commerce within the meaning of ERISA §§ 3(5), (11), (12) and (14) (29 U.S.C. §§ 1002(5), (11), (12) and (14)).

7. For all times relevant, McDonagh Demolition was and remains a party to and agreed to abide by the terms of one or more collective bargaining agreements

(hereinafter "Labor Agreements") between itself and the Wisconsin Laborers District Council (hereinafter "Union").

8. The Union represents, for purposes of collective bargaining, certain McDonagh Demolition employees and employees of other employers in industries affecting interstate commerce within the meaning of LMRA §§ 2(5), 9(a) and 301(a) (29 U.S.C. § 151, et seq.).

9. The Labor Agreements described herein contain provisions whereby McDonagh Demolition agreed to make timely payments to the Plaintiffs' trust funds for each employee covered by said Labor Agreements.

10. By execution of said Labor Agreements, McDonagh Demolition adopted the trust agreements and amendments thereof establishing and governing the Plaintiff Fund and are necessary for its administration and designated as its representatives on the Board of Trustees such trustees as have been named and appointed pursuant to said trust agreements, together with their successors selected in the manner provided in such trust agreements, thereby ratifying all actions already taken or to be taken within the scope of their authority.

11. By virtue of executing the Labor Agreements and adopting and assenting to all the terms and provisions of the trust agreements and the rules and regulations heretofore and hereafter adopted by the trustees of said trust funds, McDonagh Demolition has agreed as follows:

    a. to file monthly reports and make timely and prompt contributions to the Plaintiffs for each employee covered by the aforementioned Labor Agreements;

3
Case 2:21-cv-00806-WED   Filed 06/30/21   Page 3 of 8   Document 1

b. to deduct from each employee who has so authorized, working dues and to timely pay said amounts to the Union;

c. to designate, and accept as its representatives, the trustees named in the declaration of trust and their successors;

d. to adopt and abide by all of the rules and regulations adopted by the trustees of the employee benefit plans pursuant to the trust agreements;

e. to adopt and abide by all of the actions of the trustees in administering the employee benefit plans in accordance with the trust agreements and the rules so adopted;

f. to pay, in addition to all of the contributions which are due and owing, liquidated damages and interest relative to delinquent contributions; and

g. to pay, in addition to delinquent contributions, interest, and liquidated damages, actual attorney's fees, audit fees, court costs, and service fees, should legal action be necessary to obtain delinquent contributions, interest, and liquidated damages.

12. McDonagh Demolition has failed to perform its obligations pursuant to the terms and conditions of the Labor Agreements and trust agreements by, although not necessarily limited to, the following:

A. failing to make continuing and prompt payments to the Plaintiffs as required by the Labor Agreements and trust agreements for all of McDonagh Demolition's covered employees; and

B. failing to accurately report employee work status to the Plaintiffs.

4
Case 2:21-cv-00806-WED   Filed 06/30/21   Page 4 of 8   Document 1

13. ERISA § 502(g) (2), as amended by the MPPAA, provides:

   (2) In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan --

   (A) the unpaid contributions,

   (B) interest on the unpaid contributions,

   (C) an amount equal to the greater of --

   (i) interest on the unpaid contributions, or

   (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

   (D) reasonable attorney's fees and costs of this action, to be paid by the defendant, and

   (E) such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1954.

14. ERISA § 515 provides:

   Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement.

15. Despite demands that McDonagh Demolition perform its statutory and contractual obligations, the Plaintiffs have ascertained that said Defendant has failed, neglected, and refused to allow access to the Fund's auditors to determine whether Defendant has made its required payments. McDonagh Demolition may be indebted to the Plaintiff Fund for the following period.

Audit Period: November 1, 2019 to the Present:

Building Trades United Pension Trust Fund                                    Unknown

16.     Despite demands from the Funds' auditors, McDonagh Demolition has denied the Fund's auditors access to books and records needed to compile an audit for the period November 1, 2019 to the present.

## Claim One - Against Defendant McDonagh Demolition Inc, Violation of ERISA §§ 502 and 515 (29 U.S.C. §§ 1132 and 1145)

17.     As and for a claim for relief against Defendant McDonagh Demolition, the Plaintiffs reallege each and every allegation contained in paragraphs 1 through 16 above and incorporate the same as though fully set forth herein word for word.

18.     Repeated demands have been made by the Plaintiffs upon McDonagh Demolition for access to its books and records for a compliance audit, but Defendant has refused to make such arrangements as are necessary for such an audit.

19.     Because, as the Plaintiffs are informed and believe, McDonagh Demolition has not made timely and prompt contributions on behalf of all covered employees, the corpus of the Plaintiff's trust fund is reduced, the Plaintiff's income is reduced, and its ability to pay benefits to qualified participants and beneficiaries is curtailed. Consequently, ERISA and the Plaintiffs' employee benefit plans have been violated, and the Plaintiffs are entitled to all of the remedies provided by ERISA.

20.     Because McDonagh Demolition has failed to make timely and prompt contributions, some of the Plaintiffs' beneficiaries and participants could have eligibility terminated and benefits reduced for which they would otherwise qualify. These beneficiaries and participants would be left without an adequate remedy at law and

would suffer severe and irreparable harm if said Defendant is not mandatorily compelled to comply with the Labor Agreements and enjoined from further breaches.

**WHEREFORE**, Plaintiffs demand the following relief:

1. Judgment on behalf of the Plaintiffs and against McDonagh Demolition, Inc.:

    A. For unpaid contributions, interest, and liquidated damages owed to the Fund for the audit period November 1, 2019 through the present;

    B. For unpaid contributions, interest, and liquidated damages owed to the Fund becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

    C. Actual attorney fees and the costs of this action.

2. An order requiring McDonagh Demolition to serve on the Plaintiffs' counsel, within ten (10) days of the date of said order, a list of McDonagh Demolition's accounts receivable. With respect to each account receivable, McDonagh Demolition shall itemize:

    A. The amount of each account receivable.

    B. The period of time during which such receivable accrued.

    C. The location of the premises upon which the work was performed.

    D. The nature of the improvement involved for which the account receivable is due.

    E. The present outstanding amount of wages and fringe benefits still owed for labor on the improvement (itemized by individual and by month on each project or improvement separately).

3. An order directing McDonagh Demolition to fully submit to an audit of the company's books and records by the Funds' designated representatives for the period November 1, 2019 to the present.

4. The Court should retain jurisdiction pending compliance with its order.

5. For such other, further or different relief as the Court deems just and proper.

Dated this 30th day of June, 2021.

/s/Alex J. Sterling
Alex J. Sterling (SBN: 1107931)
The Previant Law Firm, S.C.
310 W. Wisconsin Avenue, Suite 100MW
Milwaukee, WI 53203
414-271-4500 (Telephone)
414-271-6308 (Fax)
Email: ajs@previant.com

Attorneys for Plaintiffs